7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| MELANIE LATTIN, | |
|---|---|
| Plaintiffs, | NO. |
| vs. | COMPLAINT FOR DAMAGES |
| WORLDPAC, INC., a foreign corporation, | JURY DEMAND |
| Defendant. | |

Plaintiff hereby demands a trial by jury and alleges as follows:

## I.    PARTIES

1.1.    The Plaintiff, Melanie Lattin, is an individual residing in Snohomish County, in the Western District of Washington.

1.2.    Defendant WORLDPAC, Inc., ("WORLDPAC") is a Delaware corporation with its principal place of business in Newark, California.  WORLDPAC maintains various facilities and does substantial and continuous business in the State of Washington, including the Western District of Washington.

## II.    JURISDICTION AND VENUE

COMPLAINT
FOR DAMAGES - Page 1

2.1     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 as this action asserts claims under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq.*

2.2     This Court has supplemental jurisdiction over Plaintiff's State Law claims pursuant to 28 U.S.C. § 1367.

2.3     The Court has both general and specific jurisdiction over the Defendant, who has engaged in substantial and continuous business activities in and directed to Washington, has transacted business in Washington, and has purposefully availed itself of the opportunity to conduct commercial activities in this forum.   Pursuant to 28 U.S.C. § 1391(c), Defendant is deemed to reside in this district.   Accordingly, venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(1).

2.4     Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(a)(2), because a substantial part of the events or omissions giving rise to the claims pled here occurred in the Western District of Washington.

### III.    FACTUAL ALLEGATIONS

3.1     Defendant WORLDPAC is a company that provides wholesale automobile parts to automobile repair shops.

3.2     Plaintiff was employed by Defendant for over 14 years, until Defendant terminated Plaintiff's employment on or about April 8, 2008.

3.3     Plaintiff was diagnosed with fibromyalgia in 2001.  After Plaintiff was diagnosed, Plaintiff's manager, Pat Burns, repeatedly harassed Plaintiff about Plaintiff's medical condition and Plaintiff's need to take intermittent leave under the Family and Medical Leave Act (FMLA).

3.4     Plaintiff complained to Defendant's Vice President for Human Resources, Linda Colliss, about Burns' harassment.

COMPLAINT
FOR DAMAGES - Page 2

3.5    Plaintiff also complained about Burns' harassment to Adam Hutchins, of Defendant's Human Resources Department.

3.6    On or about February 23, 2008, Plaintiff called Hutchins and again complained about Burns' harassment.  Hutchins stated that he would speak with Colliss about it, and they would together speak with Burns.

3.7    On or about March 21, 2008, Plaintiff participated in a conference call with Colliss and Hutchins. Present with Plaintiff was Defendant's employee John Mahoney.  Plaintiff was given a memo from Colliss and Hutchins, stating that Defendant needed to secure certification from Plaintiff's physician to determine Plaintiff's fitness for duty and/or need for reasonable accommodation.  The memo also stated that Defendant was concerned about Plaintiff's ability to drive safely to or from work while on prescription pain medication.

3.8    Attached to the memo to Plaintiff were two authorization forms to release medical information, which Plaintiff was directed to sign and return to Defendant by noon that day. Plaintiff did as directed and returned the signed authorization forms to Defendant.

3.9    On or about March 28. 2008, Colliss sent letters to the Plaintiff's physicians.

3.10    That same day, Plaintiff provided Federal FMLA Family and Medical Leave Medical Certification Form to her physicians.  One of her physicians, Tari Roche, D.O., completed the form that day.

3.11    Dr. Roche indicated on the medical certification form that Plaintiff would need occasional days off because of pain as a result of Plaintiff's serious health condition.  Dr. Roche stated that Plaintiff would need monthly doctor's visits and from zero to two days off per month because of pain.

COMPLAINT
FOR DAMAGES - Page 3

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2086   FAX 206.233.9165

3.12    Plaintiff returned the completed certification form to Defendant on or about March 28, 2008.

3.13    On or about April 8, 2008, Defendant terminated Plaintiff's employment.

3.14    Plaintiff was an "eligible employee" under the Family and Medical Leave Act, 29 U.C.C. § 2601 *et sec.*

3.15    Plaintiff's medical condition constituted a "serious health condition" under the FMLA.

3.16    Defendant's termination of Plaintiff's employment constituted the denial of Plaintiff's exercise or attempt to exercise her right to take leave under the FMLA.

3.17    Plaintiff's medical condition constituted a disability under the Washington Law Against Discrimination, RCW 49.60.

3.18    A substantial factor in Defendant's termination of Plaintiff's employment was because Plaintiff had a disability.

3.19    Defendant willfully violated Plaintiff's rights under the FMLA.

3.20    Plaintiff has been injured and suffered damages as a result of Defendant's acts.

3.21    Plaintiff was paid her wages on a commission basis.  Plaintiff's commission was based on a percentage of the "gross profit" earned by Defendant on the items sold by Plaintiff.

3.22    The "gross profit" upon which Plaintiff's commission was supposed to be determined was the amount that the product was marked up by Defendant before sale to Defendant's customers.  In other words, the "gross profit" was supposed to be the difference between the amount that Defendant paid for the item and the amount that Defendant sold the item for.

COMPLAINT
FOR DAMAGES - Page 4

3.23    Defendant, during all times relevant, had the practice of claiming to Defendant's employees that the price that Defendant paid for many of the items prior to mark-up was considerably higher than the price that Defendant in fact paid for the items.

3.24    As a result, Plaintiff's commission that Plaintiff was paid by Defendant was substantially less than what Plaintiff should have been paid pursuant to the agreement between Defendant and Plaintiff.

3.25    Defendant willfully paid Plaintiff a lower wage than what Plaintiff was entitled to pursuant to the agreement between Plaintiff and Defendant.

IV.    **STATEMENT OF CLAIMS**

**A.    Family and Medical Leave Act (FMLA) – 29 U.S.C.  § 2601 *et seq.***

4.1    Defendant's termination of Plaintiff's employment violated Plaintiff's rights under the FMLA.

**B.    Disability Discrimination – RCW 49.60**

4.2    Defendant's termination of Plaintiff's employment constitutes disability discrimination under the Washington Law Against Discrimination, RCW 49.60.

**C.    Willful Withholding of Wages – RCW 49.52.050**

Defendant will fully paid Plaintiff a lower wage that the wage Defendant was obligated to pay Plaintiff, in violation of RCW 49.52.050.

V.    **JURY DEMAND**

5.1    Plaintiff hereby demands that this matter be tried before a jury.

VI.    **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays that the Court enter a judgment:

COMPLAINT
FOR DAMAGES - Page 5

1.      Awarding  Plaintiff actual, compensatory and liquidated damages;

2.      Awarding Plaintiff her attorney's fees and costs;

3.      For such other and further relief that the Court deems just and equitable.


Dated this 8th day of April, 2008.




LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.


    /s/ Mitchell A. Riese
Mitchell A. Riese, WSBA #11947
Attorneys for Plaintiff

COMPLAINT
FOR DAMAGES - Page 6

LAW OFFICES OF
JUDITH A. LONNQUIST, P.S.
1218 THIRD AVENUE, SUITE 1500
SEATTLE, WA 98101-3021
TEL 206.622.2086   FAX 206.233.9165